# Poluskiewicz *v.* Philadelphia & Reading Coal & Iron Company, Appellant.

*Workmen's Compensation Act—Workmen's Compensation Board —Findings of fact—Appeal.*

Under Section 409 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, findings of fact by a Workmen's Compensation Board upon appeal from a referee are final and cannot be disturbed by the courts.

Argued Feb. 13, 1917. Appeal, No. 372, Jan. T., 1916, by defendant, from order of C. P. Schuylkill Co., July T., 1916, No. 319, dismissing appeal from Workmen's Compensation Board, in case of Frances Poluskiewicz v. The Philadelphia and Reading Coal and Iron Company. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Appeal from finding of Workmen's Compensation Board.

BECHTEL, P. J., filed the following opinion:

This case comes before us on an appeal taken from the Workmen's Compensation Board by the defendant. The appellant files six exceptions to the decision of the board. These six exceptions involve but one question; whether or not the facts warranted the findings by the referee and the compensation board.

The referee found the facts against the defendant and allowed compensation. The defendant, thereupon, appealed to the compensation board which sustained the findings of the referee. It, thereupon, took an appeal to this court. The plaintiff claims that the court has no jurisdiction to reverse the findings of fact made by the referee and the compensation board. Even if we had jurisdiction to revise the findings as made in this case, we feel, in the absence of any express provision in the act of assembly that our actions should be governed by the

rules laid down by our higher courts, relative to the findings of fact in equity cases. It is a well settled doctrine that in the absence of fraud or a gross abuse of discretion, the appellate court will not reverse the findings of fact by a chancellor, and it has been held that these findings should be sustained if there be any evidence to justify such action. We would hesitate to go that far with this record.

Section 409 of the Compensation Act of June 2, 1915, P. L. 736, provides: "A referee's finding of fact shall be final unless the board shall allow an appeal therefrom as hereinafter provided. The board's findings of fact shall in all cases be final. From the referee's decision on any question of law an appeal may be taken to the board and from any decision of the board on a question of law an appeal may be taken to the courts as herein provided."

Section 419 provides for an appeal by the aggrieved party to the board on two grounds, the second of which is "that the findings of fact and ruling or disallowance of compensation were unwarranted by the evidence," and Section 421 defines the powers of the board relative to such appeals. Section 425 provides for the method of hearing appeals taken from the board to the courts, but distinctly limits such appeals to questions on matters of law. We, nowhere in the act, find any express provision authorizing the courts to reverse the findings of fact of the compensation board. It is very significant that the act provides that the board's findings shall be final in all cases and that in the section providing for an appeal to the courts, distinctly states, on questions involving matters of law. We do not think that it was the intention of the legislature, nor do we think that the plain language of the act gives to the courts the right to reverse the findings of fact of the compensation board. That is the one question involved in this case.

The court dismissed the appeal. Defendant appealed.

*Error assigned* was in dismissing the appeal.

*George Gowen Parry* and *John F. Whalen,* with them *George Ellis,* for appellant.

*M. A. Kilker,* for appellee.

PER CURIAM, March 23, 1917:

Section 409 of the Act of June 2, 1915, P. L. 736, is as follows: "A referee's findings of fact shall be final, unless the board shall allow an appeal therefrom as hereinafter provided. The board's findings of fact shall in all cases be final. From the referee's decision on any question of law an appeal may be taken to the board, and from any decision of the board on a question of law an appeal may be taken to the courts as hereinafter provided." Referees and the Workmen's Compensation Board must realize the great responsibility imposed upon them by the provision that their findings of fact are final. If they err in this respect, courts can grant no relief to parties who may be wronged. In the light of the plain words of the statute, the learned court below was of the correct opinion that it could not disturb the facts found by the compensation board.

Appeal dismissed at appellant's costs.