## Teresa Caruso *v.* Commonwealth of Pennsylvania, Appellant.

Argued April 25, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Penrose Hertzler,* Special Deputy Attorney General, and with him *Cyrus E. Woods,* Attorney General, and *David Glick,* Special Deputy Attorney General, for appellant.—The courts are bound by the facts found by the compensation authorities if there is any evidence to support them: Todd et al. v. State Workmen's Insurance Fund, 295 Pa. 14; Slemba v. Hamilton and Sons, 290 Pa. 267.

*George Feit* of *Peelor & Feit,* and with him *Samuel W. Miller,* for appellee, cited: Anderson v. Baxter, 285 Pa. 443; Tarr v. Hecla Coal & Coke Co., 265 Pa. 519.

OPINION BY GAWTHROP, J., July 10, 1930:

Claimant's deceased husband worked for the Pennsylvania Railroad Company, as a section hand. On April 19, 1928, about twelve o'clock noon, the section foreman of the gang in which decedent worked was ordered by his superior officer to take his men to Cedar Point for the purpose of extinguishing a fire along the right of way of the railroad company. In compliance with this order the section foreman took his gang of seven or eight men, the deceased being one of them, on a track car to the scene of the fire and told the deceased and the other members of his gang to go up the hill and fight the fire. About fifteen minutes later, while deceased was fighting the fire, he was surrounded by it and fatally burned. The location of the fire was four or five hundred feet from the railroad's right of way. It was started by a steam shovel belonging to the Ryan Quarry Company. No State deputy fire warden was present at the time deceased met his death, due to the fact that his gang was the first to arrive, but a little later a State Deputy Fire Warden

was in control of all the men. The deceased and his gang were there pursuant to the terms of a working agreement between the Department of Forests and Waters of the Commonwealth and the Pennsylvania Railroad Company, which provided that the railroad company should assist in extinguishing fires when the fires were contiguous to railroad property; that it should be the duty of the section foreman and his crew to go immediately to a fire originating along the right of way and extinguish it, unless vitally important work for the company prevented immediate action on the fire; and that the department would reimburse the company for the services of its men when it was ascertained that the company was not responsible for the fire. It is admitted that the railroad was not responsible for this fire. The referee found "that the deceased was a loaned employee and that he was upon the premises under the control of the defendant, the deceased's presence on the premises being demanded by the nature of his work, and that the injuries which resulted in his death were caused by the condition of the premises," and awarded compensation, the amount of which is not the subject of dispute. This action was reversed by the board which found, without a hearing de novo, that at the time of his accidental death the deceased was not subject to the orders or under the direction of a fire warden or the agent of the Commonwealth as to the manner, method or means of performing the services during which he met his accidental injury, and that, therefore, the relationship of employer and employee did not exist between the Department of Forests and Waters of the Commonwealth and the deceased at the time of his accidental injury and death, and that claimant and her dependent children are not entitled to compensation. The court of common pleas reversed the board and reinstated the award of the referee. From that order this appeal was taken.

The Commonwealth contends that the court below erred in disregarding the finding of fact of the board, that the relationship of employer and employee did not exist between the Department of Forests and Waters of the Commonwealth and the deceased at the time of his injury and in reinstating the finding of the referee that the deceased was at that time an employee of said department and under its control, and in awarding compensation. It is true that facts found by the board which are supported by competent evidence are as binding on the court below as would be the verdict of a jury. (Sgattone v. Mulholland & Gotwals, Inc., 290 Pa. 341). But in our view that rule has no application here, because, after a careful review of the evidence, we are of one mind that it wholly fails to support the finding of the board that the deceased did not stand in the position of an employee of the Department of Forests and Waters at the time he was injured, and that the only rational conclusion to be drawn from it is that at that time he was temporarily that department's employee and subject to its control and direction in respect to the work he was doing. The question whether there was any competent evidence to sustain the finding of the board that the deceased did not bear to the department the relation of a servant at the time he was injured is one of law for the court below, and is now here for review. It is well settled that where one may be in the general employ of another, yet he may, with respect to particular work, be transferred to the service of a third person in such a way that he becomes, for the time being, pro hac vice, the servant of that person, with all the legal consequences of that relation: Robson v. Martin, 291 Pa. 426. One may loan or hire his servant, generally employed, to another to perform for him some special labor, and while so engaged the latter is obligated as master: Tarr v. Hecla Coal & Coke Co., 265 Pa. 519; Sgattone v. Mulholland & Gotwals, Inc.,

supra. The master is the person in whose business he is engaged at the time and who has the right to control and direct his conduct: Standard Oil Co. v. Anderson, 212 U. S. 215. Under the evidence in this case there would seem to be no doubt that the deceased was engaged in the work of the Department of Forests and Waters of the Commonwealth in attempting to extinguish a forest fire, for which the railroad company was in no sense responsible, and was acting pursuant to the terms of an agreement between the company and the department, under which the company loaned its men to the department for the purpose of fighting forest fires. Under that agreement the services of the men in the present case were to be paid for by the department. It matters not that no official of the department had arrived upon the scene when the deceased was injured and actually taken control of the railroad men. The arrangement between the railroad company and the department was that the contingency of a forest fire should be the signal for these men to stop the work of the company and try to extinguish fires. The authority of the department to control and direct the deceased and his fellow workmen in the services they were performing began when they reached the scene of the fire, or perhaps even earlier, when they ceased their work for the company. It was not necessary, in order to constitute the deceased a servant of the department, that he be working under the immediate orders, or in the presence, of one of its agents. The agreement under which the State obtained his services does not contemplate that the railroad men shall wait until an accredited agent of the department arrive on the scene before the effort to extinguish a fire shall begin. The learned judge of the court below aptly said that "it was his duty to get active in his work in such an emergency and not wait for the physical presence of a fire warden." It follows that the learned judge was right in sustaining the claimant's

exceptions to the finding of fact by the board that "at the time of his accidental death the deceased was not subject to the orders or under the direction of a fire warden, or agent of the Commonwealth, as to the manner, method and means of performing the services during which he met with his accidental injury and that, therefore, the relationship of employer and employee did not exist between the Department of Forests and Waters of the Commonwealth of Pennsylvania and Nicola Caruso at the time of his accidental injury and death," because it was not supported by the evidence. But should the court have remitted the record for a further hearing and should we now so order? Section 427 of the Act of June 26, 1919, P. L. 642, provides, inter alia: "If such court (of common pleas) shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination." The board's finding that the deceased was not an employee of the State was a finding of fact: Sgattone v. Mulholland & Gotwals, Inc., supra. What the court below did was to reverse that finding of fact by the board and then reinstate the finding of fact by the referee, that the deceased was an employee of the state and subject to its control when he met his death. When the case came before the court below the only findings of fact before him were those of the board. When he sustained the claimant's exceptions to them and reversed the action of the board founded thereon, the terms of the statute above quoted required him to remit the record to the board for further hearing and determination. The statute does not authorize the court to substitute its findings of fact for those of the board, or to reinstate the findings of fact by the referee. If everything was shown before the referee and the board which should have been shown (as seems to be the case here), the mere fact that the evidence failed to support the claim

would not require a remission of the record by the common pleas to the board. But when the evidence was sufficient to support the claim and the common pleas has found it necessary to sustain exceptions to findings of fact by the board, the statute requires a remission of the record. It follows that the court below failed to make the proper order.

The order is reversed and the record is remitted to the court below, with directions to enter an order remitting the same to the workmen's compensation board for further hearing and determination.