## Brotemarkle v. Davis et al.

*Harry L. Siegel,* for appellant.

*I. Newton Taylor* and *Robert Mattern, Jr.,* for appellees.

UTTLEY, P. J., August 23, 1935.—The claimant on September 15, 1930, while painting a building on the estate of the defendant in Wayne Township, Mifflin County, fell

a distance of 24 feet and suffered injuries which, according to the findings of the referee and the Workmen's Compensation Board, resulted in total disability. The Manufacturers' Casualty Insurance Company, insurance carrier for R. P. M. Davis, the defendant, on October 16, 1930, entered into a compensation agreement, approved by the board on October 28, 1930, to pay the sum of $15 per week to the claimant, and the payments under this agreement were made and continued until August 15, 1932. A petition to review this agreement, on the ground that the claimant had recovered sufficiently to return to remunerative employment, filed by the insurance carrier on August 17, 1932, was refused by the referee on January 31, 1933. On January 31, 1933, prior to the decision of the referee, the insurance carrier had filed with the board a second petition for review, alleging that at the time of the accident the defendant was retired and not engaged in any business and the claimant was not engaged in furthering the business of the defendant within the meaning of the Workmen's Compensation Act. In its appeal from the decision of the referee aforesaid, filed February 6, 1933, the insurance carrier set forth, inter alia, that the compensation agreement had been entered into in error and that in the notes of testimony the referee was requested to reserve his decision in order to give the defendant an opportunity to file the second petition for review. On June 27, 1933, the board referred the case back to the referee to permit further hearing upon and the determination of the second petition for review. The referee, after further hearing, by an order dated February 21, 1934, set aside the compensation agreement on the grounds that the employment of the claimant with the defendant was casual in character and not in the regular course of the business of the defendant. On the second appeal of the claimant from the decision of the referee, filed March 5, 1934, the board on July 9, 1934, referred the case back to the referee to hear the testimony of Victor Wallett, and after hearing this testimony the referee,

on December 10, 1934, again set aside the compensation agreement for the same reasons. On December 17, 1934, the claimant appealed from this last decision of the referee, and the board, in an opinion by Commissioner Hunter, concurred in by Chairman Dale, and filed February 27, 1935, reversed the referee, reinstated the compensation agreement and directed the payments to continue thereunder, stating that under the circumstances of this case the claimant was not a casual employe and that it made no difference whether the employment was in the regular course of the business of his employer. From this last decision of the Workmen's Compensation Board the present appeal was taken to this court.

The claimant in this case was in July, 1930, and for some years prior thereto had been, in the employ of the North American Refractories Company and its predecessors as a painter and repairman on the houses and buildings owned and maintained by said company and its predecessors in the Borough of Kistler near the estate of the defendant in Wayne Township, Mifflin County. Some time in July 1930, at the request of R. P. M. Davis, the defendant, the North American Refractories Company loaned the claimant, with his consent, while regularly in its employ, to the defendant for the purpose of painting the buildings on the estate of the defendant, with the understanding that at the termination of his employment with the defendant the claimant would be returned to his regular employer. The agreement as to the employment of the claimant by the defendant was in writing signed by both parties, wherein the claimant agreed to furnish the labor to paint two coats on certain buildings on the farm at Blue Springs for the price of $175, all included, to start work at once or as soon as the material arrived, to continue without interruption until the job was completed, and to take no other job meanwhile; the defendant to furnish all the material and to pay the claimant weekly at the rate of $3 per day to be applied upon the contract price. The defendant testified that the

reason which prompted him to make this contract was that while Mr. Brotemarkle was a painter, he was also an extremely good conversationalist and unless there was a contract, Mr. Brotemarkle would talk more than he painted. It was while in the course of his employment under this contract that the claimant, on September 15, 1930, fell and received the injuries for which compensation is claimed in this case. From the testimony and the findings of the referee and the board it appears that during his employment the claimant was under the control and direction of the defendant.

While the appellant filed a number of exceptions to the decision of the Workmen's Compensation Board, it has abandoned its contention that the claimant was an independent contractor and that when injured he was employed as a farm laborer, and it has been conceded by counsel for both parties in their oral argument and written briefs that the only question involved in this case is whether the employment of the claimant comes within the exceptions mentioned in section 104 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §22, which reads as follows:

"The term 'employe' as used in this act is declared to be synonymous with servant, and includes all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer, and exclusive of persons to whom articles or materials are given out to be made up, cleaned, washed, altered, ornamented, finished, or repaired, or adapted for sale, in the worker's own home, or on other premises not under the control or management of the employer."

The appellant here contends that the employment of the claimant by the defendant was casual in character and not in the regular course of the business of the employer, that the defendant was therefore not liable for compensation and that the appellant as the defendant's

insurance carrier entered into the compensation agreement in this case under a mistake of law. Under section 413 of the Workmen's Compensation Act, as amended by section 6 of the Act of June 26, 1919, P. L. 642, and section 6 of the Act of April 13, 1927, P. L. 186, the board or a referee designated by the board may at any time review, modify or set aside an original or supplemental agreement, upon petition filed with the board or in the course of the proceedings under any petition pending before such board or a referee if it be proved that such agreement was founded upon a mistake of law or of fact.

The decree of the referee setting aside the compensation agreement for the reasons above stated was reversed by the compensation board on the grounds that the claimant, as an employe of the North American Refractories Company, was entitled to the benefits of the compensation act and when the Refractories Company lent him to the defendant employer he did not become a casual employe, for his employment by the third party was a continuation of his general employment, and that it therefore made no difference whether or not the duties of the claimant to the third party were in furtherance of the business conducted by the third party.

The position of the board, as stated in the opinion of Commissioner Hunter, amounts to a statement of the rule that the defense that the employment is casual in character and not in the regular course of the business of the employer, is not available where the employe is loaned by his regular employer to a third person for a special service.

This question has been raised in two Pennsylvania cases. In Tarr v. Hecla Coal & Coke Co., 265 Pa. 519, the claimant was a loaned employe and the defense of the special employer to the claim for compensation was that the employment was casual in character and not in the regular course of the business of the employer. It was held in the above case that, as the employment was

in the regular course of the employer's business, the special employer was liable for compensation and it was, therefore, unnecessary to consider the question whether the special employment was casual in character. To the same effect is Sgattone v. Mulholland & Gotwals, Inc., et al., 290 Pa. 341. These were both cases where the employe was loaned and the serious question in each was the very question raised in the case at bar. In both cases it was held that inasmuch as the special employment was in the regular course of the employer's business the special employer was liable. There was no suggestion in either of these cases that the exceptions above mentioned do not apply in the case of a loaned employe because his special employment is a continuation of his regular employment. The conclusion is irresistible that if the employment in the two cases cited had been both casual and not in the course of the employer's business, the special employer would not have been liable for compensation. We are, therefore, unable to follow the reasoning of the compensation board by which it reached the conclusion that the claimant did not become a casual employe of the defendant and that it, therefore, made no difference whether or not the duties of the claimant to the defendant were in the regular course of the defendant's business.

It has been repeatedly held that in order to come within the exception in question the employment must be both casual in character and not within the regular course of the business of the employer. That is, before the employer can be exempt there must be a concurrence of the two conditions, namely, the casualness of the employment and the rendition of services not in the regular course of the business of the employer: Tarr v. Hecla Coal & Coke Co., 265 Pa. 519; Sgattone v. Mulholland & Gotwals, Inc., et al., 290 Pa. 341.

From the testimony, the findings of the referee and the board, and the arguments and briefs of counsel, it is quite clear that R. P. M. Davis, the defendant, was, at

the time of the accident, retired, not engaged in any business, and living upon the farm and estate where the accident occurred, which was not conducted as a business, so that the employment of the claimant at the time of the accident was not in the regular course of the business of his employer: Marsh v. Groner, 258 Pa. 473, 477; Blake v. Wilson, 268 Pa. 469, 472.

Therefore, the only question for our consideration is whether the employment of the claimant at the time of the accident which resulted in his injuries was casual in character. If it was, then the claimant comes within the exception mentioned in the section of the Workmen's Compensation Act above quoted, and would not be an employe within the meaning thereof and not entitled to compensation. If, however, the special employment of the claimant by R. P. M. Davis, his special employer, was not casual in character, the claimant would be entitled to compensation, notwithstanding the fact that his employment was not in the regular course of his employer's business.

This is a case of first impression and neither the diligence of counsel in the elaborate and well-prepared briefs which they submitted nor the search of the court has been able to find any decision in Pennsylvania or elsewhere that is directly in point, and we are compelled to arrive at our decision from a reading of the Workmen's Compensation Act and the decisions herein cited upon the section of the act under consideration.

Whether, on a statement of facts found, the employment of a claimant is "casual in character and not in the regular course of the business of the employer," within the meaning of the several phrases as used in the Workmen's Compensation Act are questions of law and as such open to review. Upon the record and the facts found in this case, therefore, the question whether the special employment of the claimant by the defendant was casual in character is one of law for the court: Callihan v. Mont-

gomery, 272 Pa. 56, 62; Campagna v. Ziskind, 287 Pa. 403.

This case, therefore, hinges upon the meaning of the expression "whose employment is casual in character" as used in the section of the Compensation Act under consideration. It has been said that the legislature certainly intended to give some meaning to the word "casual" and that it may be assumed from the reading of the statute that it intended to give the ordinary common meaning, that is, that workmen are engaged in casual employment when they are employed only "occasionally", "irregularly", or "incidentally", as distinguished from those employed "regularly", and "continuously"; that casual is something that comes "without regularity" and is "occasional" and "incidental"; that casual is the antonym of "regular", "systematic", "periodic", and "certain"; and that in most jurisdictions the weight of opinion supports the view that the word "employment" refers to the contract of hiring more than to the kind of service rendered and that if a person is engaged "incidentally" and "occasionally" for a "limited" and "temporary purpose", though the work be within the scope of the employer's business, he is a casual employe and the word casual as thus construed means "incidental". The Standard Dictionary gives incidental as the only synonym for casual: Callihan v. Montgomery, 272 Pa. 56. It has also been held that an employe's engagement is casual in character when it comes about by chance, fortuitously and for no fixed duration of time and also where there is nothing in the facts to warrant a belief that the concurrence of events which gave rise to the employment was foreseen: Blake v. Wilson, 268 Pa. 469, 472.

As the word "employment" in the section of the compensation act above quoted has been held to refer to the contract of hiring more than to the kind of services rendered, we must look to the contract in this case to determine whether the employment was casual. This contract was for a limited and temporary purpose. The work was

confined to the five buildings mentioned in the agreement and the purpose was temporary, as the total price was $175, payable weekly at $3 per day. As the work was to begin at once and continue without interruption until the job was completed the total period of employment could not exceed 8½ weeks. Even if we are to consider that the claimant worked for the defendant on his estate 3 or 4 months each year for a number of years prior to the time he was injured, the employment would be at most occasional. The employment in this case was, therefore, occasional and for a limited and temporary purpose. The services rendered were also of a limited and temporary character. The painting of a house or the buildings on an estate where a man lives is usually of an occasional, limited and temporary character. It is unnecessary to review the list of cases mentioned in Callihan v. Montgomery, 272 Pa. 56, to conclude that the employment of the claimant by the defendant in the case at bar was casual in character.

The claimant having been loaned, with his consent, by the North American Refractories Company, while regularly in its employ, to R. P. M. Davis, the defendant, for the special purpose of painting the defendant's buildings, and having been injured while carrying out said special employment under the control and direction of the defendant, the relation of master and servant existed between the defendant and the claimant. Where one is in the general employ of another, yet he may, with respect to particular work, be transferred to the service of a third person in such a way that he becomes, for the time being, the servant of that person with all the legal consequences of that relation: Robson v. Martin et al., 291 Pa. 426; Caruso v. Commonwealth, 99 Pa. Superior Ct. 238, 242. One of the legal consequences of the relation referred to under the Workmen's Compensation Act is that if the employment is casual in character and not within the regular course of the business of the employer, the claimant would not be included within the class desig-

nated in the act as employes and not entitled to compensation.

We are, therefore, of the opinion that the employment of the claimant by the defendant in this case was casual in character and not within the regular course of the business of the employer, and the compensation agreement was, as alleged, founded on a mistake of law. The decision of the Workmen's Compensation Board should, therefore, be reversed and the decree of the referee setting aside the compensation agreement in this case should be affirmed.

### Decree

Now, August 23, 1935, upon due consideration, the decree of the Workmen's Compensation Board in the within case is hereby reversed, and the decree of the referee setting aside the workmen's compensation agreement no. 2717849, on the ground that the employment of the claimant by the defendant was casual in character and not in the regular course of the business of the employer, is hereby affirmed. Costs of this proceeding are to be paid by the claimant.

From Robert Stuckenrath, Lewistown.