## Ferrante *v.* Ferrante et al. (Farmers' Mutual Casualty Co., Ap.).

Argued April 23, 1936.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harry J. Nesbit,* with him *Paul J. Abraham,* for appellant.

*Harold R. Bair,* for appellee.

OPINION BY RHODES, J., July 10, 1936:

This is an appeal in a workmen's compensation case which was instituted by the widow to recover compen-

sation for the death of her husband. The referee found for the claimant; the board made independent findings and reversed the referee. The lower court reversed the board and reinstated the findings and award of the referee.

. The court below, in its opinion, said: "It is now for the court to determine whether the Referee was right in allowing compensation or whether the Workmen's Compensation Board was right in refusing compensation and dismissing the claimant's petition. ...... After a very exhaustive and careful review of this entire record, we are constrained to reach the conclusion that the Workmen's Compensation Board should be reversed and that the Referee's findings and award should be reinstated, which we accordingly do in the following order." The court below had no power to set aside the findings of the board and reinstate the findings and award of the referee. We 'so held in *Teresa Caruso v. Commonwealth of Pennsylvania*, 99 Pa. Superior Ct. 238, and again in *Paulin v. Williams & Company, Inc., et al.*, 122 Pa. Superior Ct. 462, 186 A. 415.

The only findings of fact before the court below were those of the board. The duty which devolved on the court below was to determine whether there was legally competent evidence to support the board's findings of fact, and whether the law had been properly applied to them. *Barton v. Pittsburgh Coal Co.*, 113 Pa. Superior Ct. 454, 462, 173 A. 678, 681.

Even if there was sufficient legally competent evidence for the board to have made such findings of fact and conclusions as the court below thought the board should have made, nevertheless the court below could not set aside the findings of the board to the contrary if there was also legally competent evidence to sustain them. Responsibility for making findings of fact rests upon the compensation authorities as well as the duty to make them. See *Poluskiewicz v. Philadelphia & Reading Coal & Iron Co.*, 257 Pa. 305, 101 A. 638.

The referee found that "claimant's decedent died as a result of the accident and injury sustained while in the employ of the defendant on Nov. 6, 1933." The board set aside the findings of the referee and substituted its own findings of fact. The board's sixth finding reads as follows: "6. The decedent died on November 8, 1933, of a volvulus, or obstruction of the bowel, in conjunction with a long standing matted condition of the intestines and destruction of the peritoneum. There is no causal connection between the accident and his death."

The board's finding that there was no causal connection between the accident and the death of the decedent was a finding of fact. On appeal the lower court's main inquiry was whether there was legally competent evidence to support this finding. Domenick Ferrante, claimant's husband, who was 54 years of age at the time of the alleged accident, was employed as a coal miner by his son, the defendant. On November 6, 1933, while using an iron bar to pull a spike from a track in the mine the bar slipped and Ferrante fell on it. He complained to his son that he was "hurt little bit on his stomach," and sat down to rest. This occurred shortly before quitting time, and Ferrante suggested to his son that they quit for the day and return the next day to finish the work. They left the mine and returned home. Ferrante ate his supper and retired. About two o'clock on the morning of November 7th he called Dr. Thomas Ceraso, because of intense pain. His condition became worse; he was removed to the hospital and operated on by Dr. M. W. Heilman on November 7th. He died the next day.

The operation disclosed adhesions of long standing within the abdominal cavity; distended intestines (ileum), and a probable volvulus or twisting of the bowel. The intestines were in a matted condition, and there was no free or normal peritoneum visible. The operation did not show, because of the dense adhesions,

what caused the obstruction; and no autopsy was performed. There were no external indications of injury, and the internal examination disclosed no bleeding, no bruised intestines, and no bruised abdominal wall. Dr. Heilman, who performed the operation, testified that any one of several causes could have produced the disability and death of the deceased, independent of any accident. He testified that the whole abdomen was "plastered" together; that such condition was of long duration; that it was not caused by the fall; and that it was not the result of a probable volvulus. He did not find the seat of any volvulus, but did find, on the left side, distended intestines, and concluded that the deceased had some obstruction below this, which was more than likely caused by a volvulus. It also appears from his testimony that the old adhesions did not cause death; that the obstruction of the bowel did; that the obstruction may have been caused by a volvulus, band adhesions, or introsusception; that a volvulus, if present, may have been caused by a strain received while falling, or indirectly by adhesions. He also stated that a volvulus presupposes a free part of the peritoneum, which he could not find.

Dr. Ceraso was present at the operation, and testified, as did Dr. Heilman, as to the abdominal condition of the deceased. He stated that trauma will cause an obstruction such as he believed deceased had; that he thought deceased's condition was caused by a volvulus; that the condition and involvement, which were found, could have been caused by the adhesions and the matted condition of the intestines; that he could not say that the fall which the deceased had two days previously caused the condition disclosed by the operation.

Dr. Ceraso testified that a blow across the abdomen could cause a volvulus, and Dr. Heilman testified that a sufficient blow in the abdomen might have caused the obstruction. They could express no professional opinion

of causation, but stated that any one of several factors may have been the contributing cause of the obstruction and the resulting death of the deceased.

The finding of the board that there was no causal connection between the accident and deceased's death was supported by competent evidence, and is therefore conclusive.

The judgment of the court below is reversed, and judgment is here entered for defendants.