## Atkinson v. Keating et al.

*M. S. Levy*, for plaintiff.
*Axelroth & Porteous*, for defendants.

PARRY, J., June 9, 1936.—In this case there was a hearing before Referee Burns. For some reason, which does not appear, the notes of the testimony taken are missing. It was said, upon what authority we are not informed, that the referee made a notation upon some papers, told the claimant he had not shown that any accident had occurred and announced that he would dismiss the petition as the claimant had not made out a case.

A subsequent hearing, presumably because no testimony was available, was held before the same referee. But by the time the testimony taken was reduced to writing Referee Burns had ceased to hold office and it was considered by Referee Kerwick, who refused to credit the claimant's evidence, refused him compensation and dismissed the petition. In doing so we think he acted judicially, for that evidence contradicted certain highly material statements which he had previously made both orally and in writing.

The learned chairman of the Workmen's Compensation Board, referring to the contention that the claimant gave no history of an accident at the first hearing and changed his story so as to describe one at the second, remarked that his signed statement, given at or near the time, made no mention of any accident, nor did he give his present story of an accident to the physicians who examined him. Nevertheless, he thought Referee Kerwick ought to hear the case again in order that he might see and hear the claimant and so have a better opportunity to judge his veracity. The learned chairman also held, erroneously we think, that the general denial made by the defendant of the allegations of the petition was insufficient to raise any issue of fact as to the happening of an accident. He therefore set aside the findings and decision of the referee and remanded the case to be determined de novo upon a preponderance of the testimony in the entire record.

A third hearing was had, when substantially the same testimony was spread upon the record. It differed from

that taken at the second hearing only in respect of a detail in the claimant's story. He still described an accident, but with a difference: at the second hearing he said he twisted his knee; at the third hearing he said he bruised it. The solicitude of the learned chairman that the claimant be given another opportunity to make out a case was justified. By the mere substitution of one word for another, the witness, who was unable to convince the referee that his knee was accidentally twisted, was, without any adventitious aid, entirely successful in convincing him that the knee was accidentally bruised, and he thereupon made a finding that an accident had occurred and gave the claimant an award.

Although we are unable to discern the process by which this circumstance so effectively shifted the weight of the evidence from the defendant to the claimant, the compensation board, upon appeal, felt unable to disagree with this conclusion on the basis of the whole record, for, as the learned chairman said, the referee had seen, heard and believed the claimant and the board had neither seen nor heard him.

The question of credibility is not for us. We cannot say there is no evidence of an accident, and it matters nothing whether we disbelieve it or are unable to see how anyone else can believe it. We may, however, be permitted the expression of a doubt whether the board and its referee are entirely familiar with the case of Poluskiewicz v. Philadelphia & Reading Coal and Iron Co., 257 Pa. 305, or if, perhaps, aware of it, have heeded the admonition of the Supreme Court that:

"Referees and the Workmen's Compensation Board must realize the great responsibility imposed upon them by the provision that their findings of fact are final. If they err in this respect, courts can grant no relief to parties who may be wronged."

The appeal and exceptions from the decision of the Workmen's Compensation Board are dismissed with an exception to the defendant.