Opinion by
 

 Parker, J.,
 

 The referee and board in this workmen’s compensation case made an award in favor of the claimant for total disability and a court of common pleas entered a judgment for the amount of the award. The employer and its insurance carrier, the State Work Relief Compensation Fund, have appealed.
 

 The sole question involved in the appeal to this court is whether there was sufficient competent evidence to support the finding by the referee and board that the claimant was totally disabled. We are all of the opinion that the judgment should be reversed because the evidence will not support a judgment for total disability and there is not sufficient evidence on the record to determine the extent of such disability as he seems to have. An examination of the evidence convinces us that the case should be sent back to the board for further hearing and findings. A reference to the testimony will show the correctness of our conclusion.
 

 
 *432
 
 On April 24, 1935, Guy Battalene, while in the course of his employment with the State Emergency Relief Board, sustained a compensable hernia as he was moving a large rock, and the accident was promptly reported to his employer. From that point we are concerned alone with the, testimony, which was meager, bearing on the extent of the claimant’s disability. Only two witnesses were examined, the claimant on his own behalf and the timekeeper of the employer on behalf of the defendant. This claimant prior to the accident had worked seventy-six hours per month during four months for R. W. D. Thereafter, he was unable to do any work until he was supplied through relief with a belt. He did not have the means to purchase a belt from his own resources. He was then employed by W. P. A., beginning that work on February 8, 1936, doing all kinds of laboring work. We quote from his testimony: “Q. The job that you are doing at the present time, is that an easy job? A. It is not easy job but I can do because I wear that truss. Q. Are you as good as before you were hurt? A. Yes. Q. Are you just as good as before you were hurt? A. I don’t feel bad because I got truss on, I can bend myself. Q. You still need an operation? A. Yes, because it bothers me too. Q. Now with this truss that you are wearing, could you do the same kind of work with that truss, the same kind of work you did when you were hurt? A. Yes. Q. Could you roll curb stones now? A. No. Q. That’s what he is asking. A. No, I cannot do. Q. How much do they weigh? A. Weigh enough. Q. How much? A. Four or five hundred pounds. Q. What is some of the work you do now. A. Just finishing cement. Q. Is that the only kind since February? A. I started labor, pick and shovel, and the boss asked me if I can finish concrete and that’s what I am doing now. Q. How long did you pick and shovel? A. For a month and a half.” The witness later stated as follows: “I can do
 
 *433
 
 little light work with truss but when it comes to bend myself, it bothers me. I can do no hard work at all and boss I got on job they take care of me and never tell me to lift anything heavy.”
 

 Albert H. Gradel, the employer’s timekeeper, testified that he secured a belt for the claimant through the relief authorities and put him to work, giving instructions to all foremen not to let claimant do any work that would hurt him. We quote further from his testimony: “Q. Now, Mr. Gradel, from your observation of Mr. Battalene doing work before he was hurt and doing work now would you have an idea as to how much he is disabled now, you say he is only doing light work? A. Yes. Q. From a practical standpoint? A. I would say he could do odd light jobs. Q. Isn’t it a fact if this wasn’t a W. P. A. job, he wouldn’t have a job at all? A. Yes.”
 

 Special provision was made for employees such as claimant working for certain public agencies by Act, June 3, 1933, P. L. 1515 (77 PS 444, et seq.). By that act such employees are entitled to compensation under the Workmen’s Compensation Act but are not entitled to receive anything for the first twenty-six weeks after the accident.
 

 The effect of the judgment entered was to give compensation not only for a period beginning twenty-six weeks after the accident, but also for the very period when the testimony was taken and until the award was filed and for the future or until such award is terminated by a proper proceeding. It is apparent that the evidence would not support a finding that claimant was at the time the testimony was taken totally disabled or that he would be in the future. Claimant admitted that after February 8,1936, he was “as good as before” when he wore a truss. While he stated that he could do the same work as he did before the accident, he later qualified that statement by saying he could not move
 
 *434
 
 the heavy curb stones weighing four or five hundred pounds such as he was moving when injured.
 

 The testimony of the timekeeper indicated that the claimant was favored in being given light work and that claimant could perform only light work. The statement of the timekeeper that if it had not been for the W. P. A. job claimant would have had no job, gives no support to the finding and does not enable us to fix the extent of the disability. If the claimant had been able-bodied and not handicapped in any respect he might not have had a job had it not been for this public work. In fact, the avowed purpose of this agency is to furnish work for those who can and wish to work but who are not able to secure it from private enterprise.
 

 Justice can be done only by sending this case back to the board for the taking of further testimony and making of proper findings on the whole evidence. If the claimant was totally disabled for a period, the board should fix such period of total disability. If he is partially disabled appropriate findings should be made. We agree with the board that the rate of compensation paid by W. P. A. and the employment by that agency is not a sufficient basis for the measurement of the loss of earning power, but when we eliminate this testimony we are without any evidence to support the findings made or to determine what findings should be made.
 

 It would seem that in view of the claimant’s statement that what he really wanted was sufficient compensation to secure an operation, some method could have been devised to secure that result. We were impressed with the candor of the testimony of the claimant. That evidence, if it stands uncontradicted, would warrant a finding that he is partially disabled. The defendants are agencies of the state, but it occurs to us that if a private insurer had been involved a satisfactory solution would have been found for the claimant’s troubles without the expense of two appeals.
 

 
 *435
 
 The judgment is reversed and the record will be returned to the court below to the end that it may be remitted to the Workmen’s Compensation Board for further proceedings not inconsistent with this opinion.