Pelosi, Appellant, *v.* Overbrook Tile Company et al.

Argued September 27, 1939.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*S. Thomas Bucciarelli,* for appellant.

*Robert C. Duffy,* with him *Henry Thomas Dolan,* for appellees.

OPINION BY STADTFELD, J., December 14, 1939:

This is an appeal from the judgment and order of the court below dismissing exceptions and affirming the decision of the Workmen's Compensation Board and the referee.

Albert Pelosi, claimant in this case, met with an accident on October 8, 1936, while employed by defendant. On November 7, 1936, the parties entered into an open agreement under the terms of which claimant drew compensation for total disability from October 15, 1936, until June 9, 1937. Defendant filed a petition for termination and claimant filed an answer denying the allegations and averring that he was still totally disabled. The referee filed a decision in which he found that all of claimant's disability had ceased on June 9, 1937, but that claimant had suffered permanent, unsightly facial disfigurement on account of which he was entitled to compensation for a period of 100 weeks. The referee allowed defendant to take credit for compensation for total disability from October 15, 1936, until June 9, 1937, a period of 34 weeks, and entered an award in claimant's favor for compensation for the balance of the period, or an additional 66 weeks. No question has been raised as to claimant's permanent, unsightly facial disfigurement and his right to an award of compensation therefor.

The sole question before this court, therefore, is

whether there is any legally competent evidence to support the finding of the referee and board that any and all disability of the claimant ceased on or before June 9, 1937.

Whether a claimant is totally disabled is a question of fact and is for the consideration and determination of the compensation authorities: *Byerly v. Pawnee C. Co. et al.,* 105 Pa. Superior Ct. 506, 509, 161 A. 460. And whether a claimant's pre-existing disability has ceased is likewise a question of fact to be determined by the referee and the board from the evidence. Where the findings of fact thus made are based on legally competent evidence they are conclusive, and our courts have no power to weigh the evidence and revise those findings or reverse the final action of the board; and this is so, even though there is legally competent evidence which, if believed, would have justified different findings: *Ferrante v. Ferrante et al.,* 123 Pa. Superior Ct. 74, 186 A. 426. Bearing these well established principles in mind, the court limits itself to an examination and review of the testimony given in support of the facts as found.

The evidence adduced by the defendant was the testimony of two doctors. One of them, Dr. Bartle, specializing in nervous and mental diseases, examined the claimant in his office on September 27, 1937. He testified as follows: "Q. Doctor, is it your opinion from a neurological standpoint that this man is able to return to his customary duties as a tile setter? A. Yes. Q. Do you find anything of a disabling nature or condition from a neurological standpoint? A. Not from a neurological standpoint." This testimony was definite and positive insofar as any neurological disability of claimant is concerned.

The other witness, Dr. Hudson, called by defendant, was also a medical expert. This witness had examined claimant on three occasions, December 17, 1936, January 28, 1937 and June 2, 1937. On direct examination

he testified as follows: "Q. As a result of your examination on June 2, is it your professional opinion that this man is able to return to his work as a tile setter? A. I think so."

Appellant contends that Dr. Hudson's opinion, being given in the terms "I think so", fails to meet the standards of certainty of medical opinion set by a series of decisions of our appellate courts. An examination of the most recent authorities on this particular point, however, leaves appellant's contention without foundation. In *Jones v. Philadelphia & Reading C. & I. Co.*, 285 Pa. 317, 319, 132 A. 122, 123, our Supreme Court said: "The conclusion of an expert given as, 'I think', is equivalent to saying, 'I believe', and amounts to an assertion of his professional opinion, ......". Following this authority, our own court, in *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995, said, p. 271: "In this connection it should also be stated that it is not absolutely essential that the expert should say 'it is my professional opinion' etc." Such testimony need not be given in any particular words: *Johnston v. Payne-Yost C. Co. et al.*, 292 Pa. 509, 515, 141 A. 481.

It appears from the record that the evidence adduced by claimant clearly contradicts that adduced by defendant on the question as to whether or nor claimant was able to return to his work as a tile setter. Nevertheless, we are of the opinion that the testimony of defendant's expert medical witnesses is legally competent and sufficient to sustain the finding made by the referee and the board that claimant was no longer *totally* disabled. This evidence, however, does not of itself support a finding that *all* disability had ceased. The proper test is not whether claimant is able to do exactly the same kind of work as he did before the injury, but whether his earning power, in any kind of employment for which he is fitted, has been destroyed or impaired. See *Byerly v. Pawnee C. Co. et al.*, supra; *Henry v. Pittsburgh Railways Co.*, 131 Pa. Superior Ct.

252, 200 A. 294. There is nothing in the evidence, however, to indicate that claimant's earning power had been fully restored so as to support a finding that all disability, total and partial, had ceased. On the contrary, there is one undisputed fact in this case which alone points to the probable continuance of at least a partial disability. The fact is that claimant still suffers from a permanent shortening of the left leg of one and one-half inches, together with wasting and a bowing deformity, and a depression at the lower third of the tibia. Section 413 of the Workmen's Compensation Act provides that in a proceeding to terminate or modify a compensation agreement or award, the burden of proof shall be upon the party filing such petition. There is nothing in the evidence to indicate that defendant has met this burden insofar as the issue of partial disability is concerned. No evidence has been adduced by defendant to show a complete restoration of claimant's earning power, despite the condition of his leg resulting from the accident. It cannot be said, therefore, that there is any legally competent evidence to support the finding of the referee and the board that all disability had ceased.

Accordingly, it is ordered that the case be remanded to the lower court with instructions to remit it to the Compensation Board for the purpose of taking testimony on the question of the extent of partial disability, if any, and loss of earning power.