Opinion by
 

 Kenwokthey, J.,
 

 The claimant in this compensation case was, on November 16, 1931, injured in the course of his employment when he fell from a ladder. His principal injury consisted of several fractures of the left arm, ,with. resulting permanent injury to the ulnar nerve. He was paid compensation, under an agreement on the basis of total disability for a period after which, on petition of the employer, it was reduced to partial. After receiving payments for a total period of three hundred weeks, the payments were stopped and claimant, on September 9, 1937, filed a petition for modification on the ground that he was then, and had been for sometime prior to the expiration of the three hundred week period, totally disabled.
 

 After hearing on November 4,1937, the [Referee found the facts in his favor and made ,an award of further compensation on the basis of total disability. Defendant took no appeal from this award, but after paying compensation for sixty-two .additional weeks, filed ,a petition to terminate on [November 4, 1938, on the ground that the disability had changed back again to partial.
 

 After ,a hearing on February 16, 1939, the .Referee found claimant still totally disabled and dismissed the petition. On appeal, the Board reversed the Referee and found the disability to be partial only. Because compensation had been paid for more than 300 weeks the petition to terminate was allowed. On appeal by claimant, the court of common pleas reversed the Board, held that there was no evidence to sustain the finding of partial disability, dismissed the petition to terminate, the effect of which was to reinstate the compensation, and entered judgment for claimant.
 

 It is not disputed that the claimant had lost the use of his left arm, as a result of which he is unable to perform the work of a carpenter, which was originally his trade, and that, in addition, he suffers from a nervous condition or neurosis, which is the direct re-
 
 *179
 
 suit of the accident. It is also undisputed that from 1935, claimant had been steadily employed by the W.P.A. as a supervisor and foreman at wages averaging between $180 and $220 per month. The sole question before the Eeferee and Board was whether or not the disability amounted to total. Since the Board found that it did not, the sole question before the court below and this court is whether there was any substantial evidence to support that finding.
 

 In support of its petition, the defendant called two physicians, both of whom testified that, in their opinion, claimant was only partially disabled and they estimated the disability at 40%. The court below felt that these opinions were erroneously based on claimant’s W.P.A. employment. With this we cannot agree. The referee suggested to both physicians that this court has ruled that employment by W.P.A. is not in all cases a satisfactory basis for the measurement of the loss of earning power.
 
 Battalene v. State Work Relief Fund,
 
 131 Pa. Superior Ct. 430, 200 A. 198. Dr. Mitchell’s attitude toward the W.P.A. employment was: “Well, it doesn’t make a whole lot of difference from my standpoint as to whether it’s legally work or not. The fact remains that this man’s range of activities, the fact that he puts in seven hours a day on a job, that he does that constantly when the job is available — it is true that’s a supervisory type of work that, of necessity, has to be so because of his physical handicap, but even so, he’s functioning in that capacity and no one by the broadest stretch of the imagination could consider him as totally disabled, because he’s doing that type of work. Now, I realize that he works and does things under a distinct handicap because he is nervous, no doubt about it, but his nervousness is not of sufficient degree to prevent him doing some type of work such as he is doing now.”
 

 Dr. Wagner also indicated that he realized the difference between the requirement of working capacity
 
 *180
 
 to .maintain a W.P.A. job and a job for a private concern, wben he said: “He may not have to have the capacity (of one privately employed) to do that (the work of a W.P.A. supervisor) but he still could have it.” This physician had seen the claimant from time to time between November 4, 1937 and October S, 1938, and was of the opinion that during that period he showed signs of definite improvement.
 

 Although claimant’s evidence was directly to the contrary, in our opinion there was substantial evidence to support the Board’s finding of partial disability. Judgment of the lower court must, therefore, be reversed.
 
 Ferrante v.
 
 Ferrante, 123 Pa. Superior Ct. 74, 186 A. 426.
 

 Judgment is reversed and entered for defendant.