## McGurty, Appellant, v. Ruskin Dining Room et al.

Argued October 5, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Samuel J. Goldstein,* for appellant.

*Paul E Stein,* with him *S. H. Torchia, Paul V. Neel, Ralph H. Behney* and *Jame H. Duff,* Attorney General, for appellees.

OPINION BY BALDRIGE, J., November 18, 1943:

This workmen's compensation case has had a long history. The claimant, a woman now approximately seventy years of age, had been employed for many years as a cook. On the 8th of September, 1935, in the course of her employment she tripped over a projecting pipe and was thrown to the kitchen floor. An open agreement signed on October 10th of that year described the injury she sustained as a fractured elbow and shoulder. Compensation was paid for total disability until December 1, 1936. An order was made January 31, 1937 upon petition of the employer modifying further payments to fifty per cent partial disability. On March 28, 1938 the claimant sought to have this order increased, alleging that her disability had become total due to development of ulcers on her left leg. A number of hearings were held, impartial medical experts were appointed and their testimony taken. Ultimately the referee dismissed the claimant's petition for an increase in compensation payments. Exceptions filed thereto were overruled by the board and its action was sustained by the court below.

The appellant's sole contention before us is that the

findings of the board that the ulcers were not attributable to her accident was not warranted as the claimant established "by a sufficiency of legally competent testimony", that she is totally and permanently disabled by reason of the accident in her employer's kitchen. Apparently the appellant overlooked the broad powers given to the board, the final fact finding body. It is not even required to accept as true uncontradicted testimony *District of Columbia Appeal,* 343 Pa. 65, 21 A. 2d 883, 890. We have frequently held that when the decision of the board is against the party having the burden of proof the question before us is whether the board's findings of facts are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. If so the order must be affirmed. *Walsh v. Penn Anthracite Mining Company,* 147 Superior Ct. 328, 333, 24 A. 2d 51. See also *Schrock v. Stoneycreek Coal Company et al.,* 152 Superior Ct. 599, 601, 33 A. 2d 522.

Admittedly the claimant is totally disabled due, at least in part, to the varicose ulcers on her leg. As she was the moving party the burden was on her to convince the board the ulcers were due to her fall by definite and positive evidence. *Seitzinger v. Fort Pitt Brewing Company,* 294 Pa. 253, 144 A. 79; *Pelosi v. Overbrook Tile Company et al.,* 138 Superior Ct. 30, 10 A. 2d 118. This she failed to do.

Dr. Rosenbaum, called by the plaintiff, testified that the ulcers on her leg were due to the accident. Dr. Frankenstein also called on behalf of the claimant testified that in answer to a question whether there was any connection between the accident and the condition of claimant's leg said that "I don't know that I can answer that. I saw the ulcers and I have only heard the history to go by, but the history which I received from her doctor—the law of averages is against it. It is unusual for an ulcer

to appear as late as this did after a trauma." Dr. Epstein, a witness for the defendant, testified that he saw the claimant professionally three times from August 17, 1936 to November 17, 1938, and it was not until her last visit that she complained of any injury to her leg. He said that both her legs have varicose veins and expressed the opinion that she was liable to have ulcers on the other leg, that these ulcers appearing so long after the accident had no relation thereto. Dr. Wagner, called by the referee, testified that there was no distinct relation between the ulcers and the accident. He stated, "I cannot honestly connect the two—There is no definite thing in the woman's favor. I wish there was something I could say—." Dr. Henry, another impartial expert who specialized in vascular diseases and varicose veins, examined the claimant on the 31st of March, 1941. He testified emphatically that the disability on the claimant's leg was not the result of her fall, that in a woman of her age and her condition an ulcer due to trauma would have developed within a week after the injury. Dr. Henry stated that when the claimant had her arm and shoulder injury she went to bed which resulted in inactivity to her limbs and that "brought about this complication of venous stasis" but that the direct cause of the ulcers was not due to a blow on the leg as claimant alleged.

The conflict in the medical testimony and the credibility of the witnesses were for consideration of the board, *Yerko v. Clearfield Bituminous Coal Corporation*, 145 Pa. Superior 269, 21 A. 2d 97.

A review of all the testimony clearly indicates that the findings of compensation authorities were supported by substantial and competent evidence. We have no alternative therefore, even if we were so minded, than to accept as final their findings.

Judgment affirmed.