## Kline *v.* Kiehl et al., Appellants.

Argued April 10, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Karl E. Weise,* with him *Hirsch & Shumaker,* for appellants.

*Ward McCullough,* with him *W. P. Geary,* for appellee.

394

The Workmen's Compensation Board affirmed the referee's order of disallowance of compensation and dismissed claimant's appeal on the ground that no causal connection was shown between the accident suffered by deceased and his death. On appeal the court of common pleas reversed the board and directed it to make an award of compensation in favor of claimant. This order of the court below was based upon the conclusion "that the board should have found: 1. That the claimant's decedent did suffer an accident. 2. That such accident was the cause of his death." The defendant and his insurance carrier have appealed.

We are of the opinion that the order is appealable. The practical effect of the order is the same as if judgment had been entered in favor of claimant and against appellants. The record would be returned to the board merely for the formality of an award. See *Parisi v. Freedom Oil Co. et al.*, 150 Pa. Superior Ct. 260, 265, 27 A. 2d 255; *Strickland v. Baugh & Sons Co. et al.*, 139 Pa. Superior Ct. 273, 282, 11 A. 2d 547.

Claimant's husband died on October 20, 1942, while in the course of his employment in the coal mine of defendant. Claimant filed a claim petition to which an answer was made. At the hearing before the referee claimant produced several lay witnesses and one medical expert. No witnesses were called by defendant. The referee, in disallowing the claim, found (ninth finding of fact) that deceased's death was not the result of an accident suffered in the course of his employment, but was due to natural causes. The board was of the opinion that there was evidence to support a finding that deceased did suffer an accident. Consequently, it struck out the referee's ninth finding of fact, and in lieu thereof substituted the following: "9. No causal connection has been shown between the accident suffered by the [deceased] and his death."

It appears from the other findings of fact of the

referee, affirmed by the board, that deceased was pushing an empty coal car into his working place in defendant's mine, when he stumbled and said that he hurt himself, but went on with his car. Later he was found by other miners lying alongside the main track, unable to talk and gasping for breath. He died within a few minutes after the workmen found him. It had been the work of deceased, during the time he had been employed by defendant, to push empty and loaded cars over the same track that he was using on the day in question and under the same conditions. The work that he was performing that day was no more unusual than on any other day. The certified copy of the certificate of death filed with the Bureau of Vital Statistics stated that the cause of death was acute dilatation of the heart. The doctor who made the certificate was not called as a witness.

We have frequently had occasion to consider this type of case, and each time we have repeated the applicable principles. In *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, at page 333, 24 A. 2d 51, at page 53, we said: "Where the decision of the board is against the party having the burden of proof—in this case, the claimant—bearing in mind that a trier of fact is not *required* to accept even uncontradicted testimony as true (District of Columbia's Appeal, 343 Pa. 65, 79, 21 A. 2d 883, 890) the question before the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. Unless the answer is in the negative, the order must be affirmed." *Hudek v. United Engineering & Foundry Co. et al.,* 152 Pa. Superior Ct. 493, 497, 33 A. 2d 41; *McGurty v. Ruskin Dining Room et al.,* 153 Pa. Superior Ct. 535, 536, 537, 34 A. 2d 374; *Roberts v. John Wanamaker, Philadelphia, et al.,* 151 Pa. Superior Ct. 297, 302, 30 A. 2d 189; *Roland v. Frantz et al.,* 156 Pa. Superior Ct. 640, 41 A. 2d 423.

The compensation authorities are vested with the power to find the facts in compensation cases, and there can be no interference by the courts with such findings whether based upon direct or circumstantial evidence or the inferences to be drawn therefrom. *Russell v. Scott Paper Co. et al.,* 140 Pa. Superior Ct. 84, 89, 13 A. 2d 81; *Paulin v. Williams & Co., Inc., et al.,* 122 Pa. Superior Ct. 462, 466, 186 A. 415.

While the court below may have differed with the compensation authorities in the disposition of this case, it had no power to make its own findings contrary to the findings of the board. *Icenhour v. Freedom Oil Works Co. et al.,* 145 Pa. Superior Ct. 168, 170, 20 A. 2d 817; *Hudek v. United Engineering & Foundry Co. et al.,* supra, 152 Pa. Superior Ct. 493, 497, 33 A. 2d 41. The finding of the board that there was no causal connection between the accident and the employee's death was a finding of fact, and we think it is conclusive upon the court below and upon this court. *Ferrante v. Ferrante et al.,* 123 Pa. Superior Ct. 74, 77, 186 A. 426. Bearing in mind the prerogatives of the board as the ultimate fact-finding body, it is beyond the province of the courts to pass upon the credibility of the witnesses and the weight of the testimony. The board may accept or reject, in whole or in part, the testimony of any witness; and the credibility and the weight of testimony of one who qualifies as an expert are not reviewable as a matter of law. *Williams v. Susquehanna Collieries Co.,* 148 Pa. Superior Ct. 540, 544, 25 A. 2d 751.

In the present case the board did not act capriciously, nor were its findings inconsistent, justifying the setting aside of its order. No autopsy was performed, and the medical expert based his opinion that overexertion caused the acute dilatation of deceased's heart on a hypothetical question which assumed overexertion on the part of deceased. The witness who described the occurrence was also pushing an empty mine car in defendant's mine, and doing the very same kind of work

that deceased was performing at the time. There was no proof that the character of deceased's work was unusual in the sense necessary to establish the occurrence of an accident due to overexertion. See *Good v. Pennsylvania Department of Property & Supplies et al.*, 346 Pa. 151, 155, 30 A. 2d 434; *Ferraro v. Pittsburgh Terminal Coal Corp.*, 142 Pa. Superior Ct. 22, 29, 15 A. 2d 559. There was testimony that deceased stumbled while pushing the empty mine car, and that he stated at the time that he hurt himself. But he thereafter continued his work. In appraising this testimony, the board found that there was no causal connection between this accident suffered by deceased and his death, the cause of which the death certificate gave as acute dilatation of the heart.

We cannot say that the board's opinion, as expressed in its finding, is not warranted by the facts, or that the findings do not support the board's order. As we have said, the weight to be attributed to the facts proved, and the inferences to be drawn from them are for the board to determine, not the courts. Even where the evidence presented is subject to several inferences, the inference to be adopted is for the board as the fact-finding body. The board has sufficiently set forth the basis for its decision, when it said: (1) The mere happening of an accident is not sufficient upon which to make an award without proof of injuries resulting therefrom; (2) claimant had the burden of proving both an accident and an injury resulting from the accident; and (3) no causal connection was shown between the accident suffered by deceased and his death. The claimant failed to prove to the satisfaction of the board the affirmative of both the essential questions of fact. *Bakaisa v. Pittsburgh & West Virginia R. Co.*, 149 Pa. Superior Ct. 203, 209, 27 A. 2d 769.

The order of the court below is reversed, and the order of the Workmen's Compensation Board is reinstated.